## PIERCE VS. KIRBY.

ARBITRATION: *Submission in writing : Compulsory reference : Milwaukee Chamber of Commerce.*

The constitution of a chamber of commerce (of which the parties to this suit were members) provides that "all matters of difference shall be submitted in writing *by one or both* parties,   *   *   stating the subject or question upon which the

services of the arbitration committee are required," &c. Plaintiff submitted to said committee a claim against defendant, with a statement of facts; and defendant filed a counter statement, but without express words of submission. *Held*, that there was no such *voluntary* submission in writing by *both* parties as to make the decision binding as a *common law* award.

APPEAL from the Circuit Court for *Milwaukee* County.

Action on an award of the committee of arbitration of the " Chamber of Commerce of the city of Milwaukee," incorporated under ch. 132, Laws of 1858. Sec. 7 of said chapter provides as follows : " The award of any general committee of reference appointed by said corporation upon any matter of difference *submitted to said committee in writing*, with or without seal, *by any member of said corporation, or by any other person whatsoever*, shall have the same force and effect as if the same had been submitted to the arbitration of the members of said committee of reference by their individual names, by deed of submission ; and such award may be filed and made a rule of court, and judgment entered thereon, and execution issued, in the same manner and under the same rules and regulations that other awards may be entered under and by virtue of the provisions of the 95th chapter of the Revised Statutes [of 1849]," &c. The fourth article in the constitution adopted by said corporation, provides that " all matters of difference shall be submitted in writing by *one or both* parties, addressed to the president or secretary, stating the subject or question upon which the services of the arbitration committee are required, and the name of the opposite party," &c.

The complaint states that the plaintiff and defendant, members of said corporation, and having a matter of difference, on &c., " submitted said matter of difference in writing, according to the constitution, rules and by-laws of said chamber, to the committee of arbitration of said chamber :" and it then states in due form the award made by said committee, the service of notice and a copy thereof upon the defendant, his refusal to pay, &c.—Answer, a general denial.

At the trial, an objection by defendant to the admission of any evidence under the complaint, on the ground that it did not state a cause of action was overruled. The following were the written instruments put in evidence by the plaintiff to show a submission to the arbitration of said committee: 1. "*To the Arbitrators of the Milwaukee Chamber of Commerce:* Gentlemen:—I have the honor to respectfully submit the following statement, and pray that my claim be granted." Here followed a statement of facts upon which the claim was based, subscribed and sworn to by the plaintiff. 2. "*To the Board of Arbitrators of the Chamber of Commerce:* I ask leave, respectfully, to present the following statement of the facts in the complaint of *S. H. Pierce.*" Here followed a statement subscribed and sworn to by the defendant.

The circuit court nonsuited the plaintiff, and denied his motion to set aside the nonsuit; and from this order he appealed.

*Emmons & Van Dyke*, for appellant:

The two reasons urged in the court below in support of the motion for a nonsuit were, 1. That there was no evidence of a submission. 2. That no action at law could be maintained on the award, but the parties were confined to the remedy provided in sec. 7, ch. 132, Laws of 1858. The court sustained the latter objection; and this, we contend, was error. 1. If there could have been any doubt about the right to maintain an action upon such an award while the provisions of ch. 95, R. S. 1849, were in force, the repeal of that statute (by ch. 67, Laws of 1855,) removes all question. 2. The principle involved was settled in *Darling v. Darling*, 16 Wis., 644. Denying the authority and reasoning of *Deerfield v. Arms*, 20 Pick., 480, and *Sargent v. Hampden*, 32 Me., 78, necessarily affirms our right to sue, independently of the effect of the repeal of ch. 95. See further, Watson on Arb. (43 Law Lib. N. S.), 201; Watson on

Pierce vs. Kirby.

Awards (11 Law Lib. O. S.), 105; *Hewlett v. Laycock*, 2 Car. & P., 574; *Small v. Connor*, 8 Greenl., 165; *Dickerson v. Tyner*, 4 Blackf.; 253; *Titus v. Scantling*, 4 Blackf., 89; *Deidrick v. Richley*, 2 Hill, 271; Caldwell on Arb., 343–5; *Lowe v. Nolte*, 15 Ill., 368; *S. C.*, 16 id., 475; *Weinz v. Dopler*, 17 id., 111; *Burnside v. Whitney*, 24 Barb., 632; *Winne v. Elderkin*, 1 Chand., 216, and the New York cases cited per Cole, J., 16 Wis., 658.

*Palmer & Hooker*, for respondent, contended, among other things, 1. That sec. 7, ch. 132, Laws of 1858, authorized the committee of arbitration to determine only such matters as were submitted to them by agreement in writing by both parties; that subd. 4, Art. IV of the constitution of the Milwaukee Chamber of Commerce is therefore void; and that there was no such submission in this case. 2. That if said section is intended to authorize a compulsory reference, it is invalid, because it deprives parties of the right to a trial by jury, and of appeal to a judicial tribunal. Cons. of Wis., sec. 2, Art. VIII, and sec. 5, Art. I; Cons. of U. S., Art. VIII of the amendments. 3. That there was no evidence of any parol submission. 4. That the plaintiff, having proceeded under the statute, and the rules of the chamber of commerce, to a compulsory award, must be left to such remedy as the statute and rules provided for him, and could not recover on his award by action. 4 S. & M., 203; 20 Pick., 480; *Allen v. Chase*, 3 Wis., 249; R. S. 1839, 279; *Warfield v. Holbrook*, 20 Pick., 531; *Shearer v. Mooers,* 19 id., 308.

Downer, J. The plaintiff's action is upon an alleged award of the committee of arbitration of the chamber of commerce of the city of Milwaukee. The only question which we consider it necessary to examine is, whether the alleged award is good as a common law award. It is essential to the validity of such an award, that there should be an agreement of the parties to

submit their matters, or some particular matter, of difference to the arbitrators, and to abide by and perform the award. The agreement to abide by the award may be implied from the agreement to submit. The important inquiry then is: Was there any agreement made by *Pierce* and *Kirby* to submit the matter in difference to the arbitration committee of the chamber of commerce? The complaint avers " that the plaintiff and defendant, on or about the 8th day of October, 1864, submitted said matter of difference *in writing,* according to the constitution, rules and by-laws of said chamber," &c. What is the evidence under this complaint of a submission *in writing?* It is, that the plaintiff presented his sworn complaint to the board of arbitrators of the chamber of commerce, and that *Kirby* answered in writing the complaint; and these papers, which are somewhat like complaint and answer in ordinary actions at law, constitute the only agreement *in writing* of the parties, if any agreement there was. They are doubtless proceedings under the rules and constitution adopted by the chamber of commerce with a view to a compulsory reference or trial. We cannot construe them to be, or be equivalent to, the *voluntary* agreement in writing made and signed by *both parties*, in and by which they both agree to submit their matter in difference; and which is necessary to make a common law submission in writing. The paper called an answer, presented by *Kirby* to the arbitrators, is very far from containing any agreement of submission on his part. Nor is there any evidence of a verbal or parol submission. The secretary of the chamber of commerce testified: " I remember the circumstances of a submission and arbitration before the board of arbitrators of said chamber, between the parties to this suit." It was urged on the argument that this was proof of a parol submission. But it is clear, from the other evidence, that he meant only such submission as was contained in the complaint and answer before the arbitrators, and such as is spoken of in

the constitution and by-laws of the chamber, which might be made by *one party* only.

We have come to the conclusion that there was no submission valid at common law, and, of course, no valid common law award.

*By the Court*—The judgment of the circuit court is affirmed.